UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
LYUBOV MANASHIROVA AND
DZHAVAIL MANASHIROVA
on behalf of themselves and
all other similarly situated consumers

                        Plaintiffs,

          -against-


FORSTER & GARBUS LLP

                        Defendant.

--------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiffs Lyubov Manashirova and Dzhavail Manashirova seek redress for the illegal

practices of Forster & Garbus LLP concerning the collection of debts, in violation of the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiffs are citizens of the State of New York who reside within this District.

3.    Plaintiffs are consumers as that term is defined by Section 1692(a)(3) of the FDCPA, in

that the alleged debt that Defendant sought to collect from Plaintiffs is a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in

Commack, New York.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

consumers.

6.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Allegations Particular to Lyubov Manashirova & Dzhavail Manashirova

9.     Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect on alleged consumer debts from the Plaintiffs.

10.    On or about April 18, 2018, Defendant sent the Plaintiffs collection letters seeking to collect balances allegedly incurred for personal purposes.

11.    Each collection letter was sent to each Plaintiff regarding respective accounts purportedly owed to SLM Private Education Loan Trust 2013-C.

12.    Upon information and belief, the said April 18, 2018 letters were the Defendant's initial communications with the Plaintiffs.

13.    The letters fail to adequately convey the "amount of the debt".

14.    The said letters stated the respective balances due and then stated in part: "If interest or other charges or fees accrue on this account, after the date of this letter, the amount due on the day you pay may be greater."

15.    This language violates § 1692g(a)(1), which requires debt collectors to inform consumers of the amount of the debt, and § 1692e, which prohibits the use of false, deceptive, or misleading representations in connection with the collection of a debt.

16.     The language stated above violates these provisions because it fails to inform Plaintiffs whether the amounts listed are the actual amount of the debt due, what other interest or charges might apply.

17.     The letters do not provide any explanation or information about the claimed accruing interest and charges.

18.     In order to comply with the FDCPA's provision which mandates that a collector inform the consumer in its initial communication of "the amount of the debt" the collector must give the consumer the tools in which the consumer could easily calculate the amount due on the date, he or she receives the letter.

19.     In order to comply with the FDCPA's provision which mandates that a collector inform the consumer in its initial communication of "the amount of the debt" the collector must give the consumer the tools in which the consumer could easily calculate what he or she will need to pay to resolve the debt at any given moment in the future.

20.     The failure to provide this information or tools to ascertain "the amount of the debt" on the date of receipt of the letter or at any give other time in the future does not comply with 1692g as it fails to meaningfully provide "the amount of the debt".

21.     It is not enough that the collector provide "the amount of the debt" on the date of the letter. The consumer must be able to know the interest rate and be able to discern the amount of the debt at any given time in the future. See Taylor v. Fin. Recovery Servs., Inc., No. 17-1650-cv, 2018 BL 109391 (2d Cir. Mar. 29, 2018). ("In Carlin, we explained that a collection notice fails to satisfy Section 1692g if "it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given

moment in the future, and an explanation of any fees and interest that will cause the balance to increase.")

22.    In Carlin v. Davidson Fink LLP, 852 F.3d 207, 216 (2d Cir. 2017), the Second Circuit clarified its holding in *Avila* by explaining that a collection letter "is incomplete where . . . it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase."

23.    This language in the collection letters did not adequately state the amount of the debt, as required under the FDCPA.  In particular, the collection letters failed to specify or explain what the interest rate was or what type of charges could cause the balance to increase, nor did they inform the debtor what he or she would need to pay to resolve the debt at any given moment in the future. The letters precluded a determination of what "the amount if the debt" was on the date of receipt of the letters.

24.    The least sophisticated consumer would not understand how the fees would be calculated; what the current interest rate was and whether they could be disputed; or what provision of the underlying credit agreement gave rise to them.

25.    Similar to Carlin, the collection letters, in this case, refer with vagueness to "interest or other charges or fees," without providing any information regarding the rate of interest; the nature of the "other charges or fees"; how any such charges or fees would be calculated; and what portion of the balances due, if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, it would be impossible to conclude whether those amounts are properly part of

the amount of the debt," for purposes of section 1692g.

26.   The Defendant did not refer the Plaintiffs to the underlying credit card agreement with the original lender. The least sophisticated consumer would not understand from this reference what provision of that agreement, if any, gives rise to the potential "interest and other charges or fees" described in the said collection letters.

27.   The Defendant's collection letters violate sections 1692g(a)(1) and 1692e of the FDCPA, since the collection letters failed to adequately convey the "amount of the debt".

28.   The question of whether a collection letters are deceptive is determined from the perspective of the "least sophisticated consumer."

29.   While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

30.   A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

31.   A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

32.   The said letters fail to inform Plaintiffs whether each respective amount listed is the actual amount of the debt due.

33.   The said letters fail to inform Plaintiffs whether each respective amount listed already includes "other charges or fees."

34.   The letters fail to advise Plaintiffs what portion of each respective amount listed is principal.

35.   The letters fail to inform Plaintiffs whether each respective amount listed will increase.

36. The letters should have disclosed that interest was accruing, or in the alternative, that the creditor and / or Defendant had made the decision to waive any accruing interest.

37. The letters fail to inform the consumers as to what he or she may need to pay to resolve the debt at any moment after the date of the letters, or provide an explanation of any fees and interest that will cause the balance to increase.

38. The letters fail to inform Plaintiffs what "other charges or fees" might apply.

39. The letters fail to inform Plaintiffs if "other charges or fees" are applied to the respective accounts, when such "other charges or fees" will be applied.

40. The letters fail to inform Plaintiffs if "other charges or fees" are applied to the respective accounts, what the amount of those "other charges or fees" will be.

41. The letters fail to inform Plaintiffs of the nature of the "other charges or fees."

42. The letters fail to inform Plaintiffs if there is accruing "interest" on the respective accounts, what the amount of the accruing interest will be.

43. The letters fail to inform Plaintiffs that if there is accruing "interest," when such interest will be applied on the respective accounts.

44. The letters fail to inform Plaintiffs that if there is accruing "interest," what the interest rate is.

45. The letters fail to inform Plaintiffs that if there is accruing "interest," what the amount of money the amount listed will increase per day, per week, or per month.

46. The letters fail to inform Plaintiffs if there is accruing "interest," the amount of money the amounts listed will increase per any measurable period.

47. The letters fail to indicate the minimum amount Plaintiffs owed at the time of the letters.

48. The letters fail to provide information that would allow the least sophisticated consumer

to determine the minimum amount he or she owes at the time of each respective letter.

49. The letters fail to provide information that would allow the Plaintiffs to determine what Plaintiffs will need to pay to resolve the debt at any given moment in the future.

50. The letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

51. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount "after the date of this letter," at any time after receipt of the letters.

52. The least sophisticated consumer could reasonably believe that the amounts listed were accurate only on the date of the letters.

53. If interest is continuing to accrue, the least sophisticated consumer would not know the amounts of the debts because the letters fail to indicate the applicable interest rate.

54. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letters fail to indicate what the amount of the accruing interest will be.

55. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letters fail to indicate when such interest will be applied.

56. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letters fail to indicate the amount of money the amount listed will increase at any measurable period.

57. If "other charges or fees" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letters fail to indicate the nature of

the "other charges or fees."[1]

58.     In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

59.     In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer what "other charges or fees" might apply.

60.     In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer when such "other charges or fees" will be applied.

61.     Defendant failed to clearly and unambiguously state the amount of the respective debts, in violation of 15 U.S.C. § 1692g(a)(1).[2]

62.     The Defendant's letters would likely make the least sophisticated consumer uncertain as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

63.     The letters would likely make the least sophisticated consumer confused as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

64.     Defendant's conduct constitutes a false, deceptive and misleading means and

---

[1] Carlin v. Davidson Fink LLP, 852 F.3d 207 (2d Cir. 2017), Balke v. All. One Receivables Mgmt., No. 16-cv-5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017). ("[T]he Collection Letter in this case refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of interest; the nature of the "other charges;" how any such charges would be calculated; and what portion of the balance due, if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, the Court "cannot say whether those amounts are properly part of the amount of the debt," for purposes of section 1692g.Carlin, 852 F.3d at 216. Further, as set forth in Carlin, without any clarifying details, the Collection Letter states only that these unspecified assessments may be added to the balance due, which the Court finds to be insufficient to "accurately inform[ ] the [Plaintiff] that the amount of the debt stated in the letter will increase over time."), Polak v. Kirschenbaum & Phillips, P.C., No. 17-CV-1795 (MKB)(PK), 2018 BL 57467 (E.D.N.Y. Feb. 16, 2018). ("Defendant adds that the Creditor "is electing not to collect interest at this time." In the context of the statement that no interest has accrued since charge-off, the statement that the "amount may vary from day to day due to interest and other charges" could mislead the least sophisticated consumer to believe that interest has stopped accruing. Defendant is not helped by its contention that this statement is true in that the characterization of "may" accurately conveys the two different scenarios: that interest is accruing and could be collected in the future, and that the Creditor is choosing not to collect interest at this time.")

[2] Polak v. Kirschenbaum & Phillips, P.C., No. 17-CV-1795 (MKB)(PK), 2018 BL 57467 (E.D.N.Y. Feb. 16, 2018). ("Pursuant to the holding in Carlin, this [alleged letter's language] is not enough to satisfy Section 1692g's requirement that the written notice contain the amount of the debt.")

representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

65.     The letters can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balances due, one of which is inaccurate, in violation of 15 U.S.C. § 1692e.

66.     Defendant's conduct violated 15 U.S.C. §§ 1692g(a)(1) and 1692e.

67.     In the alternative, the Defendant failed in the said letters, to properly disclose the amounts of the debts as it stated that the current balance may increase, causing the Plaintiffs to be uncertain of their rights and leaving them utterly confused as to the total amount they owe now and/or in the future.

68.     The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiffs.[3]

69.     In the alternative, the said language in the above letters deceptively threaten "other charges or fees" of which the Defendant does not engage.

70.     The Defendant does not, did not, and never will, add "other charges or fees" to the debt that the Defendant sought to collect from the Plaintiffs.

71.     The Defendant does not, did not, and never will, add "other charges or fees" to the alleged respective debts.

72.     The Defendant may not legally or contractually impose interest or other charges on the alleged respective debts.

---

[3] <u>Rozier v. Financial Recovery Systems, Inc.</u>, No. 10-CV-3273 (DLI)(JO) (E.D.N.Y. June 7, 2011). (The language used in the collection letter at issue here does not clearly state the total amount due, inform the consumer of the amount of any additional charges on the account or inform the consumer whether charges in addition to those included in the total amount due stated in the letter will even apply to the consumer's account. Furthermore, even if the total balance due is stated in several different places, the amount *actually due* when the consumer receives the collection letter could, according to the very language in the letter, be completely different than the amount listed.)

73. The Defendant threatened to impose "other charges or fees" that could not lawfully be imposed.[4]

74. Defendant's language is deceptive as the said debts would never accrue "other charges or fees".[5]

75. Furthermore, Defendant was deceptive by stating that it might increase the amount owed, when Defendant had no legal or contractual right to take such actions.

76. 15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt; or
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

---

[4] Boucher v. Fin. Sys. of Green Bay, Inc., 880 F.3d 362 (7th Cir. 2018).("[T]he challenged statement is misleading to an unsophisticated consumer. The dunning letter states that, "[b]ecause of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater." . . . the dunning letter falsely implies a possible outcome—the imposition of "late charges and other charges"—that cannot legally come to pass… Here, the letter does not say how much the "late charges" are or what "other charges" might apply, so consumers are left to guess about the economic consequences of failing to pay immediately. But regardless of the amount of such charges, an unsophisticated consumer understands that these additional charges could further increase the amount of debt owed, thus potentially making it "more costly" for the consumer to hold off on payment. Id. at 827. Even if these additional charges are minimal, such that they might not "alter [the consumer's] course of action," they are still material because they would be "a factor in his decision-making process." Id This is especially true for consumers who are subject to debt collection activity. We have acknowledged that "[w]hen default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce." McMillan, 455 F.3d at 762 (quoting S. Rep. No. 95-382, at 2 (1977), as reprinted in 1977 U.S.C.C.A.N. 1695, 1697). Because these consumers must often make difficult decisions about how to use scarce financial resources, it is plausible that the fear of "late charges and other charges" might influence these consumers' choices. Therefore, the challenged statement is material. In sum, plaintiffs have plausibly alleged that the dunning letter was materially false and misleading to an unsophisticated consumer in violation of § 1692.")

[5] Safdieh v. P & B Capital Group, LLC, Civ. Action No. 14-3947 (FLW)(LHG) (D.N.Y. May 12, 2015). (Applying the least sophisticated debtor test, I find that Defendant is not entitled to judgment as a matter of law. Defendant's letter states: "Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check." This statement, from the perspective of the least sophisticated debtor, is misleading, because the least sophisticated debtor may read the letter to mean that his or her account is subject to interest or late charges, and that she may ultimately owe more money than the letter shows. This meaning is false, because Plaintiff's account was not, allegedly, subject to interest or charges.)

77. The Defendant violated the above sections by falsely representing that "other charges or fees" may be added to the consumer's stated balance, when in fact, the debt would never vary from the date of issuance due to "other charges or fees". <u>Avila v. Riexinger & Assocs., LLC</u>, Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *8 (2d Cir. Mar. 22, 2016) ("<u>The district court also expressed a concern that requiring debt collectors to disclose this information might lead to more abusive practices, as debt collectors could use the threat of interest and fees to coerce consumers into paying their debts. This is a legitimate concern</u>. To alleviate it, we adopt the "safe harbor" approach adopted by the Seventh Circuit in <u>Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.</u>, 214 F.3d 872 (7th Cir. 2000)...The court [in Miller] held that a debt collector who used this form would not violate the [FDCPA], "**provided, of course, that the information [the debt collector] furnishes is accurate**.") (emphasis added)

78. <u>In Boucher v. Fin. Sys. of Green Bay, Inc., 880 F.3d 362 (7th Cir. 2018) The Seventh Circuit noted that "even if a debt collector may generally rely on the safe harbor language to avoid liability under § 1692e, *Miller's* accuracy requirement still applies." In this instance, the agency's "use of the safe harbor language was inaccurate because [the agency] could not lawfully impose 'late charges and other charges.'" Thus, the agency was not entitled to safe harbor protection under *Miller*. Accordingly, the Seventh Circuit held that "debt collectors cannot immunize themselves from FDCPA liability by blindly copying and pasting the *Miller* safe harbor language without regard for whether that language is accurate under the circumstances." The Court therefore reversed the decision of the trial court.</u>

79. If the Defendant in this case was in fact not going to charge "interest" or "other charges

or fees" to the Plaintiffs' account, then it was not protected by the safe-harbor language. Ruge v. Delta Outsource Grp., Inc., No. 15-cv-10865, 2017 U.S. Dist. LEXIS 35047, 2017 WL 959017, at *3 (N.D. Ill. Mar. 13, 2017). (holding that, although "[the defendant's] letter is nearly identical to the safe harbor language in *Miller*," the defendant was not immune from liability because "[t]he safe harbor language that says the amount of the debt might change because of interest was not true in this particular case") (footnote omitted)

80. The least sophisticated consumer would be misled by this language because it suggests that the Defendant could potentially impose additional charges, even though that would never actually occur.[6]

81. Furthermore, the said language leaves the Plaintiffs unsure of the final amount of the debt; i.e. once they has paid the said amount, will this be the final amount or would they be subjected to more fees.

82. A general disclosure that the balance may increase due to interest does not automatically shield a debt collector from liability under Section 1692e when a different part of the collection letter provides inaccurate information, which makes the communication "false, deceptive, or misleading." 15 U.S.C. § 1692e.

83. Defendant engages as a matter of pattern and practice in the mailing of such collection letters to consumers in the state of New York.

84. Defendant's letters are in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5),

---

[6] Reeseg v. General Revenue Corporation, Civ. No. 2: 14-CV-08033-WJM-MF (D.N.Y. July 27, 2015). ([Plaintiff] sufficiently pleads that the collection letter is deceptive under § 1692e(10). Moreover, a debt collector may not threaten "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). For the reasons stated above, the least sophisticated consumer may also reasonably interpret the collection letter as a threat that [Defendant] may increase the amount owed, notwithstanding the fact that [Defendant] is contractually authorized to collect only the initial balance. . . . Additionally, the Court rejects [Defendant's] argument that the collection letter contains the "safe harbor" language described in Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872, 876 (7th Cir. 2000).); see also Kolganov v. Phillips & Cohen Associates, 2004 WL 958028 *3 (E.D.N.Y.)

1692e(10) and 1692g(a)(1) for misrepresenting the amount of the debt owed, for false threats and for engaging in deceptive and misleading practices and for failing to state the accurate amount of the debt.

85.    Plaintiffs suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

86.    Plaintiffs suffered actual harm by being the target of the Defendant's misleading debt collection communications.

87.    Defendant violated the Plaintiffs' right not to be the target of misleading debt collection communications.

88.    Defendant violated the Plaintiffs' right to a truthful and fair debt collection process.

89.    Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiffs' alleged debt.

90.    Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

91.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiffs in a manner that deprived them of their right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

92.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

93.    As an actual and proximate result of the acts and omissions of Forster & Garbus LLP, Plaintiffs have suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which they should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiffs on behalf of themselves and the members of a class, as against the Defendant.***

94.    Plaintiffs re-state, re-allege, and incorporates herein by reference, paragraphs one (1) through ninety three (93) as if set forth fully in this cause of action.

95.    This cause of action is brought on behalf of Plaintiffs and the members of a class.

96.    The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to Plaintiffs on or about April 18, 2018; and (a) the collection letters were sent to a consumer seeking payment of personal debts, each purportedly owed to SLM Private Education Loan Trust 2013-C; and (b) the collection letters were not returned by the postal service as undelivered; (c) and Plaintiffs assert that the letters contained violations of 15 U.S.C. §§ 1692e and 1692g(a)(1) for the use of any false representation or deceptive means to collect or attempt to collect any debt, for misrepresenting the amount of the debt owed by Plaintiff and for failing to accurately state the amount of the debt in the initial communication.

97.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

       A. Based on the fact that form collection letters is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B.  There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C.  The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

D.  The claims of the Plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

E.  The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiffs' interests are consistent with those of the members of the class.

98.  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

99.  If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

100.    Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

101.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

102.    Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully request preliminary and permanent injunctive relief, and that this Court enter judgment in their favor and against the Defendant and award damages as follows:

    A.    Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B.    Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C.    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
June 3, 2018


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com


Plaintiffs request trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

**FORSTER & GARBUS LLP**
*A NEW YORK LAW FIRM*

ANNETTE T. ALTMAN - Adm in NY Only
RONALD FORSTER - Adm. in NY Only        MICHAEL C. DIGIARO - Adm in NY & NJ
MARK A. GARBUS - Adm. in NY Only        MICHAEL J. FLORIO - Adm in NY Only
EDWARD J. DAMSKY - Adm. in NY Only      AMY GAVUK - Adm in NY Only
JOEL D. LEIDERMAN - Adm. in NY Only     TESS E. GUNTHER - Adm in NY & CT
                                         TARAH JORDAN - Adm in NY & FL
                                         VALERIE E. WATTS - Adm in NY Only

60 Motor Parkway
Commack, NY 11725-5710

**PERSONAL & CONFIDENTIAL**

BALANCE DUE ▸ $6,050.69
Reference Number ▸ ████████4A
Account Number ▸ XXXXXXXXX0105

 April 18, 2018

Re ▸ SLM PRIVATE EDUCATION LOAN
TRUST 2013-C

1-631-393-9400
1-800-245-9943
Representative Name: ANY REP
Monday thru Thursday 8:00AM – 9:00PM EST
Friday 8:00AM – 5:00PM EST
Control Number: 7054048

վ|լի| կ|ullllil|յ|||ll|l||ɯₚ|ll|lɯ||ly||ɯ|ll||ll|||li||l|l||h
LYUBOV MANASHIROVA

Dear Lyubov Manashirova,

Your account has been placed with this office for collection. If this account is not disputed, we shall expect your payment in full.

At this time, no determination has been made as to whether a lawsuit will be commenced.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

If interest or other charges or fees accrue on this account, after the date of this letter, the amount due on the day you pay may be greater.

Please note that we are required, under federal law, to advise you that we are debt collectors and any information we obtain will be used in attempting to collect this debt.

Please mail all correspondence and payments to the address listed below.

| | |
|---|---|
| Total Amount of the debt due as of charge-off. | $6,031.86 |
| Total amount of interest accrued since charge-off. | $18.83 |
| Total amount of non-interest charges or fees accrued since charge-off. | $0.00 |
| Total amount of payments made on the debt since the charge-off. | $0.00 |

Please visit our website, www.forstergarbus.com, if you wish to make a payment on your account using your debit card.
Please use the Control Number listed above when making a payment on the website.

**SEE IMPORTANT NOTICE ENCLOSED**
Forster & Garbus LLP NYC Dept. of Consumer Affairs # 2045675
Office Location: 60 Motor Parkway • Commack, NY 11725-5710

▸ DETACH HERE

MAKE CHECK PAYABLE TO: ***FORSTER & GARBUS LLP as attorneys*** AND RETURN COUPON WITH PAYMENT TO PO BOX 9030, Commack, NY 11725-9030 IN ENCLOSED ENVELOPE

*LYUBOV MANASHIROVA*

BALANCE DUE ▸ $6,050.69
Reference Number ▸ ████████4A
Re ▸ **SLM PRIVATE EDUCATION LOAN**

Rep. Code ▸ ██
Date ▸ April 18, 2018

➡ *Please Note Current*        BEST TIME TO CALL

Home Phone # _____  _____

Work Phone # _____  _____

Cell Phone # _____  _____

████████4 A

վ|լilll|լ|hll|լ|ll|ll|ₚ|ll|l||ll|ll|||lₚ|·||ll|ₚ|||l||
Forster & Garbus LLP
PO Box 9030
Commack, NY 11725-9030

**FORSTER & GARBUS LLP**
*A NEW YORK LAW FIRM*

60 Motor Parkway
Commack, NY 11725-5710

RONALD FORSTER - Adm. in NY Only
MARK A. GARBUS - Adm. in NY Only
EDWARD J. DAMSKY - Adm. in NY Only
JOEL D. LEIDERMAN - Adm. in NY Only

ANNETTE T. ALTMAN - Adm in NY Only
MICHAEL C. DIGIARO - Adm in NY & NJ
MICHAEL J. FLORIO - Adm in NY Only
AMY GAVLIK - Adm in NY Only
TESS E. GUNTHER - Adm in NY & CT
TARAH JORDAN - Adm in NY & FL
VALERIE E. WATTS - Adm in NY Only

**PERSONAL & CONFIDENTIAL**

April 18, 2018

BALANCE DUE ▸ $2,079.09
Reference Number ▸ ▇▇▇▇3A
Account Number ▸ XXXXXXXXX0103
Re ▸ SLM PRIVATE EDUCATION LOAN
TRUST 2013-C

1-631-393-9400
1-800-245-9943
Representative Name: ANY REP
Monday thru Thursday 8:00AM – 9:00PM EST
Friday 8:00AM – 5:00PM EST
Control Number: 7054047

LYUBOV MANASHIROVA

Dear Lyubov Manashirova,

Your account has been placed with this office for collection. If this account is not disputed, we shall expect your payment in full.

At this time, no determination has been made as to whether a lawsuit will be commenced.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

If interest or other charges or fees accrue on this account, after the date of this letter, the amount due on the day you pay may be greater.

Please note that we are required, under federal law, to advise you that we are debt collectors and any information we obtain will be used in attempting to collect this debt.

Please mail all correspondence and payments to the address listed below.

| | |
|---|---|
| Total Amount of the debt due as of charge-off. | $2,071.25 |
| Total amount of interest accrued since charge-off. | $7.84 |
| Total amount of non-interest charges or fees accrued since charge-off. | $0.00 |
| Total amount of payments made on the debt since the charge-off. | $0.00 |

Please visit our website, www.forstergarbus.com, if you wish to make a payment on your account using your debit card.
Please use the Control Number listed above when making a payment on the website.

**SEE IMPORTANT NOTICE ENCLOSED**

Forster & Garbus LLP NYC Dept. of Consumer Affairs # 2045675
Office Location:  60 Motor Parkway ● Commack, NY 11725-5710

▴ DETACH HERE ▴

MAKE CHECK PAYABLE TO: ***FORSTER & GARBUS LLP as attorneys*** AND RETURN COUPON WITH PAYMENT TO PO BOX 9030, Commack, NY 11725-9030 IN ENCLOSED ENVELOPE

LYUBOV MANASHIROVA

BALANCE DUE ▸ $2,079.09
Reference Number ▸ ▇▇▇3A
Re ▸ SLM PRIVATE EDUCATION LOAN

Rep. Code ▸ ▇
Date ▸ April 18, 2018

Please Note Current        BEST TIME TO CALL

Home Phone # _____ _____

Work Phone # _____ _____

ll Phone # _____

Forster & Garbus LLP
PO Box 9030
Commack, NY 11725-9030

3A

FGGNY  FG.wh
F&GG.\
901-6
000003
Page 1

**FORSTER & GARBUS LLP**
*A NEW YORK LAW FIRM*

| | |
|---|---|
| 60 Motor Parkway | ANNETTE T. ALTMAN - Adm in NY Only |
| Commack, NY 11725-5710 | MICHAEL C. DIGIARO - Adm in NY & NJ |
| | MICHAEL J. FLORIO - Adm in NY Only |
| | AMY GAVLIK - Adm in NY Only |

RONALD FORSTER - Adm. in NY Only
MARK A. GARBUS - Adm. in NY Only
EDWARD J. DAMSKY - Adm. in NY Only
JOEL D. LEIDERMAN - Adm. in NY Only

TESS E. GUNTHER - Adm in NY & CT
TARAH JORDAN - Adm in NY & FL
VALERIE E. WATTS - Adm in NY Only

**PERSONAL & CONFIDENTIAL**

BALANCE DUE ▸ $18,253.25
Reference Number ▸ ███████55
Account Number ▸ XXXXXXXXX0106

Re ▸ SLM PRIVATE EDUCATION LOAN
TRUST 2014-A

April 18, 2018

1-631-393-9400
1-800-245-8943
Representative Name: ANY REP
Monday thru Thursday 8:00AM – 9:00PM EST
Friday 8:00AM – 5:00PM EST
Control Number: 7054059

րիլիիիլիլիկիկինդիկիկիլիիիկիլինդիկիկ
LYUBOV MANASHIROVA

Dear Lyubov Manashirova,

Your account has been placed with this office for collection. If this account is not disputed, we shall expect your payment in full.

At this time, no determination has been made as to whether a lawsuit will be commenced.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

If interest or other charges or fees accrue on this account, after the date of this letter, the amount due on the day you pay may be greater.

Please note that we are required, under federal law, to advise you that we are debt collectors and any information we obtain will be used in attempting to collect this debt.

Please mail all correspondence and payments to the address listed below.

| | |
|---|---|
| Total Amount of the debt due as of charge-off. | $18,182.72 |
| Total amount of interest accrued since charge-off. | $70.53 |
| Total amount of non-interest charges or fees accrued since charge-off. | $0.00 |
| Total amount of payments made on the debt since the charge-off. | $0.00 |

Please visit our website, www.forstergarbus.com, if you wish to make a payment on your account using your debit card. Please use the Control Number listed above when making a payment on the website.

**SEE IMPORTANT NOTICE ENCLOSED**

Forster & Garbus LLP NYC Dept. of Consumer Affairs # 2045675
Office Location: 60 Motor Parkway • Commack, NY 11725-5710

• DETACH HERE

MAKE CHECK PAYABLE TO: **FORSTER & GARBUS LLP as attorneys** AND RETURN COUPON WITH PAYMENT TO PO BOX 9030, Commack, NY 11725-9030 IN
ENCLOSED ENVELOPE

LYUBOV MANASHIROVA

Re ▸ SLM PRIVATE EDUCATION LOAN

BALANCE DUE ▸ $18,253.25
Reference Number ▸ ███████55

Rep. Code ▸ ███

Date ▸ April 18, 2018

➡ Please Note Current        BEST TIME TO CALL

Home Phone # _____ _____

Work Phone # _____ _____

Cell Phone # _____ _____

███████55

 որՍիիիդիկիկիկ|իկիկ|Սկիիիկ|կիկ|իկ|կկ||Սկ|իիիիկ
Forster & Garbus LLP
PO Box 9030
Commack, NY 11725-9030

**FORSTER & GARBUS LLP**
*A NEW YORK LAW FIRM*

60 Motor Parkway
Commack, NY 11725-5710

ANNETTE T. ALTMAN - Adm in NY Only
RONALD FORSTER - Adm. in NY Only
MARK A. GARBUS - Adm. in NY Only
EDWARD J. DAMSKY - Adm. in NY Only
JOEL D. LEIDERMAN - Adm. in NY Only
MICHAEL C. DIGIARO - Adm in NY & NJ
MICHAEL J. FLORIO - Adm in NY Only
AMY GAVLIK - Adm in NY Only
TESS L. GUNTHER - Adm in NY & CT
TARAN JORDAN - Adm in NY & FL
VALERIE E. WATTS - Adm in NY Only

**PERSONAL & CONFIDENTIAL**

April 18, 2018

BALANCE DUE • $2,079.09
Reference Number • [redacted]3A
Account Number • XXXXXXXXXX0103

Re • SLM PRIVATE EDUCATION LOAN
TRUST 2013-C

1-631-393-9400
1-800-245-9943
Representative Name: ANY REP
Monday thru Thursday 8:00AM – 9:00PM EST
Friday 8:00AM – 5:00PM EST
Control Number: 7054047

DZHAVAIL MANASHIROVA

Dear Dzhavail Manashirova,

Your account has been placed with this office for collection. If this account is not disputed, we shall expect your payment in full.

At this time, no determination has been made as to whether a lawsuit will be commenced.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

If interest or other charges or fees accrue on this account, after the date of this letter, the amount due on the day you pay may be greater.

Please note that we are required, under federal law, to advise you that we are debt collectors and any information we obtain will be used in attempting to collect this debt.

Please mail all correspondence and payments to the address listed below.

| | |
|---|---|
| Total Amount of the debt due as of charge-off. | $2,071.25 |
| Total amount of interest accrued since charge-off. | $7.84 |
| Total amount of non-interest charges or fees accrued since charge-off. | $0.00 |
| Total amount of payments made on the debt since charge-off. | $0.00 |

Please visit our website, www.forstergarbus.com, if you wish to make a payment on your account using your debit card.
Please use the Control Number listed above when making a payment on the website.

**SEE IMPORTANT NOTICE ENCLOSED**
Forster & Garbus LLP NYC Dept. of Consumer Affairs # 2045675
Office Location:  60 Motor Parkway • Commack, NY 11725-5710

▲ DETACH HERE ▲

MAKE CHECK PAYABLE TO: **FORSTER & GARBUS LLP as attorneys** AND RETURN COUPON WITH PAYMENT TO PO BOX 9030, Commack, NY 11725-9030 IN
ENCLOSED ENVELOPE

DZHAVAIL MANASHIROVA

BALANCE DUE • $2,079.09
Reference Number • [redacted]3A

Re • SLM PRIVATE EDUCATION LOAN

Rep. Code •
Date • April 18, 2018

➡ Please Note Current          BEST TIME TO CALL

Home Phone # _____ _____

Work Phone # _____ _____

Cell Phone # _____ _____

3A

Forster & Garbus LLP
PO Box 9030
Commack, NY 11725-9030

FGGNY

**FORSTER & GARBUS LLP**
A NEW YORK LAW FIRM

60 Motor Parkway
Commack, NY 11725-5710

RONALD FORSTER - Adm. in NY Only
MARK A. GARBUS - Adm. in NY Only
EDWARD J. DAMSKY - Adm. in NY Only
JOEL D. LEIDERMAN - Adm. in NY Only

ANNETTE T. ALTMAN - Adm. in NY Only
MICHAEL C. DIGIARO - Adm. in NY & NJ
MICHAEL J. FLORIO - Adm. in NY Only
AMY GAVLIK - Adm. in NY Only
TESS E. GUNTHER - Adm. in NY & CT
TARAH JORDAN - Adm. in NY & FL
VALERIE E. WATTS - Adm. in NY Only

**PERSONAL & CONFIDENTIAL**

BALANCE DUE ▸ $6,050.69
Reference Number ▸ _____4A
Account Number ▸ XXXXXXXXXX0105

April 18, 2018

Re ▸ SLM PRIVATE EDUCATION LOAN
TRUST 2013-C

1-631-393-9400
1-800-245-9943
Representative Name: ANY REP
Monday thru Thursday 8:00AM – 9:00PM EST
Friday 8:00AM – 5:00PM EST
Control Number: 7054048

DZHAVAIL MANASHIROVA

Dear Dzhavail Manashirova,

Your account has been placed with this office for collection. If this account is not disputed, we shall expect your payment in full.

At this time, no determination has been made as to whether a lawsuit will be commenced.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

If interest or other charges or fees accrue on this account, after the date of this letter, the amount due on the day you pay may be greater.

Please note that we are required, under federal law, to advise you that we are debt collectors and any information we obtain will be used in attempting to collect this debt.

Please mail all correspondence and payments to the address listed below.

| | |
|---|---|
| Total Amount of the debt due as of charge-off. | $6,031.86 |
| Total amount of interest accrued since charge-off. | $18.83 |
| Total amount of non-interest charges or fees accrued since charge-off. | $0.00 |
| Total amount of payments made on the debt since the charge-off. | $0.00 |

Please visit our website, www.forstergarbus.com, if you wish to make a payment on your account using your debit card.
Please use the Control Number listed above when making a payment on the website.

**SEE IMPORTANT NOTICE ENCLOSED**
Forster & Garbus LLP NYC Dept. of Consumer Affairs # 2045675
Office Location:  60 Motor Parkway • Commack, NY 11725-5710

▴ DETACH HERE ▴

MAKE CHECK PAYABLE TO: **FORSTER & GARBUS LLP as attorneys** AND RETURN COUPON WITH PAYMENT TO PO BOX 9030, Commack, NY 11725-9030 IN ENCLOSED ENVELOPE

DZHAVAIL MANASHIROVA

BALANCE DUE ▸ $6,050.69
Reference Number ▸ _____4A

Re ▸ SLM PRIVATE EDUCATION LOAN

Rep. Code ▸ ____
Date ▸ April 18, 2018

Please Note Current          BEST TIME TO CALL

Home Phone # _____  _____

Work Phone # _____  _____

ell Phone # _____  _____

____4 A

Forster & Garbus LLP
PO Box 9030
Commack, NY 11725-9030

FGGNY